# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:  Case No. K05-00811-DMD

KENNETH JAMES McALPIN, JR. and
VERONICA LYNN McALPIN,

       Debtors.

Chapter 7

---

DENNIS McBRIDE and MARGARET
McBRIDE,

       Plaintiffs,

    v.

KENNETH JAMES McALPIN, JR.,

       Defendant.

Adversary No. K05-90039-DMD

Filed On
6/1/06

## MEMORANDUM DECISION

This is an adversary proceeding for willful and malicious injury to property. It is a core proceeding under 28 U.S.C. § 157(b)(2)(I).  This court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and the district court's order of reference.  I find for the defendant.

Background

Margaret McBride and the late Dennis McBride owned a home located at 329 Wood Road in Ketchikan.  They leased the property to the defendant beginning on December 1, 1996.  The lease expired and the defendant was a month-to-month tenant until April 3, 2004, when he was evicted.  The house was in poor condition following the eviction.  The

McBrides sued McAlpin in state district court for damages to the rental property. The district court awarded $24,332.63 to the plaintiffs. McAlpin appealed the judgment to state superior court. The appeal remains pending. McAlpin filed a chapter 7 petition on July 5, 2005, and the current adversary proceeding ensued.

Analysis

11 U.S.C. § 523(a)(6) excepts debts "for willful and malicious injury by the debtor to another entity or to the property of another entity" from discharge. A creditor has the burden of proving an exception to discharge by a preponderance of the evidence.[1]

The leading case on determination of willful and malicious injury is *Kawaauhau v. Geiger.*[2] Geiger was a physician seeking to discharge a medical malpractice award. The award was based on malpractice that resulted in the amputation of a patient's leg. The bankruptcy court found that Geiger's treatment of his patient was so far below the appropriate standard of care that his conduct was "willful and malicious." The Supreme Court found that negligent or reckless conduct does not fall within the "willful and malicious" exception to discharge and reversed.

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described

---

[1] *Grogan v. Garner*, 498 U.S. 279 (1991).

[2] 523 U.S. 57 (1998).

2

instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, *i.e.*, "reckless" or "negligent," to modify "injury." Moreover, . . . the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself."[3]

Nothing in the record supports a finding that McAlpin intentionally caused the damages to the leasehold. McAlpin, a longshoreman, was working in Dutch Harbor for most of his tenancy. His wife and six children lived in the home. McAlpin did not deliberately crack the windows, wear out the flooring and counter tops, damage the drywall, or destroy the interior doors. Granted, he was negligent in his care of the home. He also left a lot of garbage and firewood on the property when he was forced to leave and the interior was a mess. But negligence, even gross negligence, does not constitute willful and malicious injury. The McBrides' damages were not the result of a deliberate and intentional injury to property. Rather, the property became run down after years of hard use by a large family. The debt is dischargeable.

Conclusion

Plaintiffs' complaint will be dismissed with prejudice, with each party to bear their own attorney's fees and costs.[4]

DATED: June 1, 2006.

---

[3] *Kawaauhau v. Geiger*, 523 U.S. at 61-62 (emphasis in original).

[4] *Grove v. Fulwiler (In re Fulwiler)*, 624 F.2d 908, 910 (9th Cir. 1980).

3

BY THE COURT


/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge


Serve:        B. Chupka, Esq.
              D. Rosendin, Esq.
              P. Gingras, Adv. Case Mgr. - served 6/1/06 - pg.


06/01/06